HEARD NOVEMBER TERM, 1873.

## BULL *vs.* LAMBSON.

A plaintiff examined as a witness on his own behalf may, like other witnesses, refer to book entries and other memoranda to refresh his memory.

Cumulative evidence received in reply, *held,* under the circumstances, to be no ground for new trial.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1873.

This was an action by E. Bull against J. R. Lambson for the price and value of a turpentine still made for defendant and delivered to him. The weight of the still, as stated in the bill of particulars, was 2,871 pounds, and the price charged 55 cents per pound.

The answer contained only a general denial of the allegations of the complaint.

The plaintiff was examined as a witness on his own behalf. He testified that the price charged was reasonable, and proposed to give the dimensions and weight of the material used in making the still from entries in his books. This was objected to, and the objection being overruled the defendant excepted. Witness then proceeded to give from the entries the dimensions and weight of the material, and from these he estimated the weight of the still at 2,781 pounds.

For the defense the defendant was examined. He stated that the price as agreed upon was 53 cents per pound; that he weighed the still after delivery, and that the actual weight was much less than that charged.

In reply, the plaintiff offered to show by his foreman the dimensions of the material used, and by an expert that the weight of the

still, as estimated from those dimensions, was greater than the weight charged. This evidence was objected to as cumulative, but the objection was overruled, and the plaintiff excepted.

The evidence was given, and the jury found for the plaintiff the amount of his claim.

The defendant appealed.

*Maurice*, for appellant.

*Rutledge & Young*, contra.

June 17, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The first exception arises on an objection made by defendant to the effect that the plaintiff, in testifying on his own behalf, was not entitled to look at entries contained in his books of account. It must be assumed, as the case stands, that the plaintiff's object in desiring to look at the entries in his books of account was to refresh his memory. The defendant's objection amounts to a denial of the right to a party examined as a witness to aid his memory by reference to books and memoranda of any kind. This proposition cannot be maintained. It is allowed to all witnesses to refresh their memories by reference to suitable memoranda, and the practice rests on sound principles. A party, when examined in his own behalf, is entitled to the same means of refreshing his memory that are allowed to other witnesses.

The second exception is placed on the ground that the Court improperly allowed the plaintiff, after the defendant's case was closed, to offer cumulative testimony. It is certainly a general rule that the plaintiff cannot offer cumulative testimony after the close of defendant's case. Whether a disregard of this rule, working a clear injury to the substantial rights of the party, might not form ground of appeal, is a question that need not be considered here, for the record does not present such a case.

The defendant's evidence disputed the weight of materials sold and delivered to the defendant, and after its close the plaintiff offered further evidence on the disputed point. In one sense the evidence may be considered cumulative, for evidence of the weights had already been introduced, but it is not a case of the improper admission of cumulative evidence. It does not appear that the answer raised any question as to the weight of the goods delivered.

The plaintiff, therefore, had a right to assume that this would not be a point in dispute, and to confine himself to ordinary proof on this point without going into exhaustive proof, as upon a controverted point. Inasmuch as the question appears first to have been specially made by the introduction of the testimony by defendant it was entirely proper to allow the plaintiff to reply to such evidence by additional proofs, although such as would have been properly introduced before closing his case.

The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.